Jones, J.
The journal entry in the Court of Appeals reverses the judgment because the trial court sustained the motion of the defendant to arrest the *372 case from the jury. However, in its opinion, the Court of Appeals clearly announced that the plaintiff below was entitled to a judgment under the provisions of paragraph 3 of Section 1465-61, General Code, for the reason that the decedent was under the control and direction of an independent contractor at the time he sustained his injuries. The Court of Appeals arrives at this conclusion under its construction of paragraph 3, of Section 1465-61, General Code. Construing this paragraph, that court held that, although Craig was an employer of less than five workmen, his employe, in law, “shall bo considered as the employe of the person [the Ohio Service Company] who has entered into a contract” with an independent employer.
Since we are affirming the judgment of the Court of Appeals, in view of the ground stated in its journal entry, it becomes necessary for this court to construe paragraph 3; otherwise the court of common pleas, if it heeds the opinion of the Court of Appeals, would of necessity have to render judgment on the pleadings in favor of the plaintiff below. In order to arrive at a proper construction of paragraph 3, of Section 1465-61, General Code, we refer to the following provisions of the Workmen’s Compensation Law, which are pertinent to its construction:
“Section 1465-60. The following shall constitute employers subject to the provisions of this act [General Code, Sections 1465-45 et seq_.~\: * * *
“2. Every person, firm and private corporation, including any public service corporation, that has in service five or more workmen or operatives regularly in the same business, or in or about the same *373 establishment under any contract or hire, express or implied, oral or written.
“Section 1465-61 [108 O. L., pt. 1, p. 316]. The terms ‘employe,’ ‘workman’ and ‘operative,’ as used in this act, shall be construed to mean; * * *
“2. Every person in the service of any person, firm or private corporation, including any public service corporation, employing five or more workmen or operatives regularly in the same business, in or about the same establishment under any contract of hire, express or implied, oral or written, including aliens and minors, but not including any person whose employment is but casual and not in the usual course of trade, business, profession or occupation of his employer.
“3. Every person in the service of any independent contractor or subcontractor who has failed to pay into the state insurance fund the amount of premium determined and fixed by the industrial commission of Ohio for his employment or occupation, or to elect to pay compensation direct to his injured and to the dependents of his killed employes, as provided in Section 1465-69, General Code, shall be considered as the employe of the person who has entered into a contract, whether written or verbal, with such independent contractor unless such employes, or their legal representatives or beneficiaries elect, after injury or death, to regard such independent contractor as the employer.”
The pleadings admit that Craig, the independent contractor, was not a contributor to the state insurance fund, and that he did not employ five or more persons. In fact he only employed Simmons and another. The Workmen’s Compensation Act *374 (General Code, Sections 1465-37 to 1465-108), in its entirety, discloses that it was intended to apply only to employers who employed five or more workmen, and to employes in the service of employers employing five or more workmen. The terms “employers” and “employes” are thus defined in the foregoing sections of the Code while “casual” workmen are specifically excluded. Now, Craig, employing less than five or more workmen, was not amenable to the Workmen’s Compensation Act; he was not required to come within its terms, nor to contribute to the state insurance fund. Paragraph 3, aforesaid, explicitly states that employes of an independent contractor “who has failed to pay,” or failed “to elect to pay, compensation,” shall be con sidered as the employe of the person who entered into a contract with an independent contractor. But in this case Craig was not within its provisions. He was not required to pay into the fund, because he was not an employer within the act; and therefore he could not have been deemed to have failed to pay into the state insurance fund. The language is clear. There was no “amount of premium determined and fixed by the industrial commission” against Craig, the independent contractor, nor could there be unless he voluntarily came within the act under the provisions of Section 1465-71, General Code. This section permits an employer of less than five workmen to obtain coverage under the act by paying into the state insurance fund. But it is not claimed that he exercised his option in that regard, and it is expressly conceded that he was not a contributor to the fund.
*375 We therefore hold that an employe of an independent contractor, who neither contributed to the state insurance fund nor employed five or more workmen, does not come under the provisions of Section 1465-61 (3), General Code, and cannot be considered as the employe of the person who entered into a contract with such independent contractor. Any other view than here expressed would give a single employe of an independent contractor compensation, but would give no compensation if he were an employe of a person, not an independent contractor, employing less than five workmen.
Although the journal entry in the court of common pleas does not state the reason for arresting the case from the jury, presumably this was done because of the failure of evidence to sustain the issue that Simmons was an employe of the Ohio Service Company at the time of his injuries. The Court of Appeals was of opinion that there was sufficient evidence to submit that issue to the jury. Its opinion contains the following statement:
“In our opinion, there is sufficient evidence in the record to find that Simmons was in the employ of the Ohio Service Company at the time of his death; yet, having held that an award should have been made under the record facts and the statutory law hereinbefore cited, we do not feel it necessary to comment further upon the question of evidence.”
Plaintiff’s contention all along was that Craig, the independent contractor, was to dig the trench only to the comer of the office building; that at that place his work was finished; and that the further carrying of the work under the building was per *376 formed by the decedent while under the control and direction, not of Craig, but of the Ohio Service Company. Craig testified:
“Mr. Truman [general superintendent for the service company] and I outlined the work from the street, main line in the street into the corner of the building, and that is as far as I knew it was to go; ’ ’
He further testified to the effect that the job as far as he was concerned was finished at the corner of the building. He said:
“No; I was done. * * * I thought I was done with the job as far as I was concerned.”
“Q. Did you yourself do anything, Mr. Craig, towards directing, indicating, or showing the work for your men to do under that Senhauser building? A. No, sir.”
It is clear from the record that there was some positive and direct testimony, offered by the plaintiff, tending to show that Simmons was, in fact, in the employ, direction, and control of the service company at the time of his injuries.
The Court of Appeals did not err in reversing the trial court for arresting the testimony from the jury at the close of the plaintiff’s evidence. For that reason the judgment of the Court of Appeals is affirmed.

Judgment affirmed.

Marshall., 0. J., Robinson, Matthias and Day, JJ., concur.
Allen, J., concurs in the judgment.